State v. Hearne, In re................ 19667
Trupp, Exr. v. Studebaker et........ 19642
Weyer v. Duncanson ................ 19629
Wille v. State ..................... 19623

## PROCEEDINGS
## OHIO SUPREME COURT
### TUESDAY, APRIL 6, 1926
### GENERAL DOCKET

19397—State of Ohio ex rel. Greater Cleveland Five Cent Fare Club v. John D. Marshall et al. In Mandamus. Dismissed without prejudice at the plaintiff's costs. Dock. 10-28-25; 3 Abs. 690; OS. I Abs. 203.

19437—Earl Andrews v. M. I. Trostle et al; error to the Putnam Appeals. Judgment affirmed. Marshall, CJ., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur. Dock. 11-23-25; 3 Abs. 738.

19446—Massillon Savings & Loan Co. v. Imperial Finance Co.; error to the Stark Appeals. Judgment affirmed. Jones, Matthias, Allen and Kinkade, JJ., concur. Dock. 11-25-25; 3 Abs. 754.

19690—State of Ohio ex rel. C. C. Crabbe, Atty. Genl., v. Pennsylvania Rd. Co. In Mandamus. Dismissed on application of relator without prejudice, and at his costs. Dock. 3-15-26; 4 Abs. 192.

### MOTION DOCKET

19608—Leland Romberger v. Ray Curl et al. Motion for Morrow Appeals to certify. Allowed. Dock. 1-28-26; 4 Abs. 88.

19610—Dean DeWitt v. Justin J. Stevenson et al. Motion for the Franklin Appeals to certify. Overruled. Dock. 2-2-26; 4 Abs. 112.

19608—Leland Romberger v. Ray Curl et al. Motion by defendant to dismiss petition in error as of right. Overruled. Dock. 1-25-26; 4 Abs. 88.

19613—Dayton & Xenia Motorbus Co. et al v. Public Utilities Commission of Ohio. Motion by plaintiff for 30-days extension of time for filing printed record and briefs. Allowed. Dock. 2-5-26; 4 Abs. 112.

19615—Harry A. Kangesser v. Emanuel Krusch et al. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 2-5-26; 4 Abs. 112.

19623—Harry F. Wille v. State of Ohio. Motion for leave to file petition in error to the Hamilton Appeals. Overruled. Dock. 2-15-26; 4 Abs. 128.

19629—John W. Weyer v. T. C. Duncanson. Motion for Fayette Appeals to certify. Overruled. Dock. 2-18-26; 4 Abs. 142; OS. Pend. 4 Abs. 213.

19630—Charles O. Anderson et al. v. National Fire Insurance Co. Motion for Lucas Appeals to certify. Overruled. Dock. 2-20-26; 4 Abs. 142; OS. Pend. 4 Abs. 210.

19639—Frank Kruse v. Isadore Revelson. Motion for Hamilton Appeals to certify. Allowed. Dock. 2-24-26; 4 Abs. 160.

19641—Ida Evans, Admx., v. Leta Russell, Exrx., et al. Motion for Ashtabula Appeals to certify. Dismissed on motion of plaintiff in error. Dock. 2-24-26; 4 Abs. 160.

19642—Albert C. Trupp, Executor, v. Bertha Studebaker et al. Motion for Miami Appeals to certify. Overruled. Dock. 2-25-26; 4 Abs. 160.

19645—J. Wain Love v. Arthur L. Griffis. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 2-28-26; 4 Abs. 160.

19646—J. Wain Love. v Earnest W. Sprague. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 2-28-26; 4 Abs. 160.

19647—J. Wain Love v. Robert L. Queiser. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 2-28-26; 4 Abs. 160.

19649—Frank F. Andrews v. Steve Plantz by his Mother etc. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 3-1-26; 4 Abs. 160.

19650—Citizen Building & Construction Co. v. Joseph Koskovitz et al. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 3-1-26; 4 Abs. 160.

19665—William Frazier v. William R. Ford et al. Motion for Lucas Appeals to certify. Overruled. Dock. 3-5-26; 4 Abs. 176.

19667—In the Matter of the Exceptions of Prosecuting Attorney of Hamilton County in case of State of Ohio v. Edward H. Hearne. Motion for leave to file bill of exceptions to Common Pleas Court of Hamilton county. Allowed. Dock. 3-5-26; 4 Abs. 176.

19694—William Earp v. State of Ohio. Motion for leave to file petition in error to the Lucas Appeals. Overruled. Dock. 3-17-26; 4 Abs. 208.

## Abstracts of Last Week's
## SUPREME COURT OPINIONS

### No. 304

No. 19446—Massillon Savings & Loan Company v. Imperial Finance Company. Error to the Court of Appeals of Stark County.

297. CONTRACTS—1. No recovery for breach of, made after performance prohibited by statute.

2. When contract not entire, recovery permitted for part executed prior to effective date—If entered into despite prohibiting statute, no recovery.

923. PLEADING—1. Where illegality of a contract sued upon appears in answer plaintiff who relies upon prior adjudication should plead it in reply.

2. But if the illegality appears in the trial evidence, and plaintiff offers evidence supporting such prior adjudication, it may be considered by the courts.

JONES, J.

1. Where a contract is legal when made, and subsequently such contract or its performance is prohibited by statute, performance thereof after the time when such prohibitive law becomes effective is illegal and neither party can recover for breach of the contract.

2. So far as such contract has been executed prior to the effective date of such statute, recovery will be permitted, if the contract is not entire, but divisible, and the amount due can be apportioned.

3. A party who enters into a contract despite a statute prohibiting it cannot thereafter claim the fruits of its performance in a court of justice.

4. Where the illegality of a contract sued on appears in the answer, and plaintiff relies on a prior adjudication of that question in his favor, he should plead it in his reply. But if such illegality does not appear in the pleadings, but does appear in the evidence offered at the trial, and the plaintiff, without objection, offers evidence supporting such prior adjudication, the evidence so offered on that issue may be considered by the trial and reviewing courts.

Judgment affirmed.

Matthias, Allen and Kinkade, JJ., concur.